**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Dana Eugene WALKER, Defendant—**
**Appellant.**

No. 03–30130.

D.C. No. CR–02–00012–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 10, 2003.

Josh Van de Wetering, Missoula, MT, Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

David E. Stenerson, Hamilton, MT, for Defendant–Appellant.

Before GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM**

Dana Eugene Walker appeals his 57–month sentence following a plea of guilty for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). We have jurisdiction over this final judgment and sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm the sentence.

The district court ordered 21 months of Walker's 57–month sentence to run concurrently to another federal sentence he

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was already serving following a conviction in the U.S. District Court for the Eastern District of Washington for conspiracy to import marijuana. The district court ordered the other 36 months of Walker's sentence to run consecutively to his prior sentence. Walker contends that because his prior conviction affected his criminal history category under the Sentencing Guidelines, the district court erred in not ordering that his entire 57–month sentence run concurrently to his prior sentence under § 5G1.3(b) of the Sentencing Guidelines.

We review de novo a district court's interpretation of the Sentencing Guidelines, and review for abuse of discretion a district court's application of the Sentencing Guidelines to the specific facts of a case. *United States v. Shryock,* 342 F.3d 948, 989 (9th Cir.2003).

We have recognized that the criminal history category and offense level as used in the Sentencing Guidelines are distinct. *United States v. Martin,* 278 F.3d 988, 1003 (9th Cir.2002). § 5G1.3(b) states that if an "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the *offense level* for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b) (emphasis added). Thus, by its plain language, § 5G1.3(b) has no bearing when a prior offense is factored into calculation of a defendant's criminal history category only and not his or her offense level.

Here, the district court considered Walker's prior conviction only for purposes of determining his criminal history category, not his offense level score. Accordingly, the district court correctly determined that § 5G1.3(b) did not apply to this case, and acted within its discretion under § 5G1.3(c) in ordering 36 months of Walker's sentence to run consecutively to his prior sentence.

**AFFIRMED.**